UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Frances A. Tomes, Esq.
Tomes Law Firm, PC
17 Broad Street
Suite 3
Freehold, NJ 07728
(732) 333-0681
Attorney for Debtor

Order Filed on July 8, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

David M. Christensen

| | |
|---|---|
| Case No.: | 21-11137 |
| Hearing Date: | July 3, 2024 |
| Chapter: | 13 |
| Judge: | Kaplan |

**ORDER AUTHORIZING
SALE OF REAL PROPERTY**

Recommended Local Form:  ☐ Followed   ☒ Modified

The relief set forth on the following pages numbered two (2) and three (3), is **ORDERED**.

**DATED: July 8, 2024**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

After review of the Debtor's motion for authorization to sell the real property commonly known as 1725 3rd Avenue, Toms River, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☐   In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| |
|---|
| Name of professional: |
| Amount to be paid: |
| Services rendered: |

**OR**: ☐  Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $25,150.00 claimed as exempt may be paid to the Debtor at the closing.

6. The ☐ *balance of proceeds* or the ☒ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☒ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:

    RE/MAX Revolution, 1218 3rd, Spring Lake, NJ 07762, the seller's agent, shall be paid a commission of $12,200.00 at the closing. In the event the Order Authorizing Retention has not been entered at the time of the closing, this amount shall be held in trust by the closing agent until the Order Authorizing Retention is entered.

    Keller Williams Realty Monmouth Ocean, 353 N County Line Road, Jackson, NJ 08527, the buyer's/participating agent shall be paid a commission of $9,400.00 at the closing. In the event the Order Authorizing Retention has not been entered at the time of the closing, this amount shall be held in trust by the closing agent until the Order Authorizing Retention is entered.

    Frederic C. Goetz, Esq., the attorney representing debtor regarding the sale of debtor's real estate/Special Counsel, shall be reimbursed costs in the amount of $175.00 at the closing. In the event the Order Authorizing Retention has not been entered at the time of the closing, this amount shall be held in trust by the closing agent until the Order Authorizing retention is entered. The attorney fee will be paid by a legal insurance plan.

    After all allowed amounts pursuant to this Order are paid, any excess funds shall be held in trust by the closing agent pending confirmation of the Modified Plan.

    If the sale is not completed within 90 days of the entry of this Order, the Order authorizing the sale shall be deemed moot.

    The 14 day stay pursuant to Federal Rule of Bankruptcy Procedure 6004 (h) is hereby waived.